FREDERICK ROLLWAGEN, Jr., LOUIS P. ROLLWAGEN and GEORGE D. ROLLWAGEN, Appellants, *v.* ALFRED POWELL, ALFRED S. PURDY and others, Respondents.

*Physicians' fees — for examination, as to pregnancy of widow — quasi officers of court — claim charged on estate, not affected by discontinuance of action — Surrogate — decree to pay claims charged on estate by Supreme Court — although not directly within his statutory powers — upheld.*

In an action in the Supreme Court to set aside a will an order was made, with the consent of all parties, appointing two physicians to inquire into the pregnancy of the widow of deceased, and directing that their compensation be allowed as a charge against the estate. After the physicians had discharged their duties, and pending a reference to ascertain the value thereof and before the report thereon, the action was discontinued without notice to the physicians, or the court being advised of such outstanding proceedings. The referee's report was subsequently filed awarding them $1,000, and an order made and entered awarding them such sum, with eighty dollars expenses of the reference, and directing that said sums be a lien and charge upon the estate. On petition to the surrogate an order

was made by him, directing the administrator of the estate of the deceased to pay the amount of such order.

*Held,* that the physicians in this case were *quasi* officers of the court, and it not being intended that they should be dependent upon the contingency of an action for their compensation, it was made a charge in anticipation upon the estate. That such order having been made with the consent of all parties, the physicians became *quasi* parties to the action in whose favor a decree had been entered, and the discontinuance as to them without notice of the proceedings therefor was a nullity.

That their claim was not a debt or demand against the testator, or the executor or personal representative of the deceased; it was therefore questionable if the surrogate could decree the payment thereof; yet as the order of the surrogate was predicated on the decree of the Supreme Court, for the payment of services ordered by it, necessary in the administration of justice, which expenses should be paid out of the estate, and could, by the Supreme Court, have been directly ordered by it to be paid out of the funds in the hands of the administrator, it was proper, as matter of form, to reach the funds of the estate in the hands of the special administrator appointed by him, and would not be disturbed.

APPEAL from an order of the surrogate of the city and county of New York, made on the 31st day of December, 1875, ordering Frederick Rollwagen, Jr., as receiver of the estate of Frederick Rollwagen, deceased, to pay Alfred Powell and Alfred S. Purdy $1,080.

Frederick Rollwagen died in the city of New York on the 11th day of October, 1873.

A paper was propounded to the surrogate of the city of New York, as the will of said Frederick Rollwagen, for probate.

Upon contest by the next of kin and heirs at law, the pretended will was rejected by the surrogate, and his decision was affirmed at General Term of the Supreme Court on appeal, and also by the Court of Appeals, on appeal to that court.

While the matter was pending before the surrogate, and still undetermined by him, Samuel S. Browning (who was a minor and an heir at law of said Frederick Rollwagen), by Malcolm Campbell, his guardian *ad litem*, commenced in the Supreme Court a suit against Magdalena Rollwagen and others, to set aside the paper claimed to be a will, as a will of real estate, and to avoid the devises of real estate therein.

After the commencement of this action, Magdalena Rollwagen, the widow of said Frederick, claimed to be pregnant, and by order

made and entered in this action of *Samuel S. Browning by Malcolm Campbell, guardian ad litem,* v. *Magdalena Rollwagen and others,* on or about the 14th day of November, 1873, Dr. Alfred Powell and Dr. Alfred S. Purdy were appointed physicians to attend upon and examine the said Magdalena Rollwagen, in connection with her family physician, and also to be present at the time and place of the birth of her child, if any; and it was further ordered that the compensation for said physicians be allowed as a charge against the estate of said deceased, Frederick Rollwagen.

These physicians performed their services. No compensation was paid them, and upon their petition an order was made in said action on the 22d day of January, 1875, referring to William A. Duer, Esq., the question of the proper amount of compensation to be allowed them.

On the 19th day of February, 1875, an order was obtained in said action (*Browning, by guardian ad litem,* v. *Magdalena Rollwagen and others*), in Supreme Court, to show cause why said action should not be discontinued. On the 3d day of March, 1875, a decision was rendered that said action be discontinued on payment of taxable costs to defendants Magdalena Rollwagen, Henry Hermann and George Hermann. Said costs were paid, and on March 15, 1875, an order was entered discontinuing said action, but said Powell and Purdy had no notice of such proceedings, nor was the court advised of the outstanding proceedings in reference to them.

William A. Duer, referee, under the order of January 22d, 1875, made his report on the 20th day of March, 1875 (after the discontinuance of the action), finding, as a question of fact and conclusion of law, that each of said physicians, Drs. Powell and Purdy, recover from the estate of said deceased the sum of $500.

The report was filed in the clerk's office March twenty-seventh, noticed for confirmation August 25th, 1875, for the first Monday of September, 1875, and an order confirming said report, and allowing the award, with eighty dollars referee's fees, was entered September 29th, 1875. By the terms of said order * * * "the said sum of $1,000 is allowed to them, said Powell and Purdy, for their services, together with eighty dollars for the fees of said referee on said reference, and the same hereby are adjudged to be a lien and charge upon the estate of said Frederick Rollwagen, deceased," etc.

On the 19th of October, 1875, Doctors Powell and Purdy made a petition to the surrogate of the city and county of New York, presented on the twenty-first of October, for an order directing the receiver of the estate of Frederick Rollwagen to pay them the sum of $1,080 out of the moneys collected from the real estate of deceased, and in their petition set forth, among other things, their petition to the Supreme Court, the order of reference therein, the making and filing of the referee's report, and the order of the Supreme Court thereon of September 29, 1875.

On December 31, 1875, the surrogate made an order thereon, that said Frederick Rollwagen, Jr., the receiver, pay said Doctors Powell and Purdy the full amount of their claim, amounting "in the whole to the sum of $1,080."

From this order of the surrogate this appeal is taken.

*Henry L. Clinton*, for the appellants.

*Lemuel Skidmore*, for the respondents Powell and Purdy.

Brady, J. :

The examination of the widow as to her condition having been necessary, and all the parties to the action having consented to an order therefor, Messrs. Powell and Purdy, who are physicians, were duly appointed to attend upon and examine her, in conjunction with her family physician. It was also provided by the order that their compensation should be allowed as a charge against the estate of Frederick Rollwagen, deceased. The respondents, Powell and Purdy, did what they were required to do, and in all respects complied with the order of the court appointing them. This having been done, they applied for compensation, and gave due notice of that proceeding to all the parties in the action, and to William A. Seaver, Esq., who was then the special administrator of the estate, and upon that application, by consent of all the parties to the action, the matter was referred to William A. Duer, Esq., to take the necessary proofs and report the same to the court with his opinion thereon. Due notice of the proceedings before him was given to all the parties in the action, the proofs were taken, and the report filed and confirmed after due notice to all the parties

interested. It was also adjudged and decreed, by order of confirmation, that the sums named should be a lien and a charge upon the estate and paid out of it, the rents or income and profits thereof. All this was done before the 15th March, 1875, except the making and filing of the report of Mr. Duer, which bears date the 20th March, 1875. The respondents Powell and Purdy had, therefore, been selected, had discharged their duties, and their compensation, whatever it might be, had, by virtue of the order appointing them, become a charge upon the estate of Frederick Rollwagen. There was no appeal taken either from that or the subsequent order confirming the referee's report, and the latter order, so far as it decreed the payment of the compensation out of the estate, was only a continuation of the first order which declared that it should be a charge thereupon. On the 15th March, 1875, the action in which the orders were made was discontinued by order of the court, but no notice of such proceeding was given to the respondents Powell and Purdy, and it does not appear that the court was then advised of the outstanding claim of the respondents Powell and Purdy, or of the proceeding then pending to ascertain its effect. It is, on the contrary, quite evident that the matter was not revealed, and there is no pretense that it was. The respondents Powell and Purdy having been selected, by order of this court, for an investigation in a proceeding which has for centuries formed a part of the jurisprudence of England (see *Ex parte Aiscough*, 2 P. Williams, 591; *Ex parte Bellett*, 7 Cox, 297; Coke Litt., 8 C.; also, article in Daily Register Jan. 29, 30, 31, 1874, where cases are collated), became *quasi* officers of the court, clothed with extraordinary powers, and invested with duties of a high and delicate character, requiring vigilance, promptness, and ability. It was not intended that they should be dependent upon the contingency of an action for their compensation, and hence it was made a charge, in anticipation, upon the estate. This was done by consent of all the parties on which the order was founded. They became, therefore, *quasi* parties to the action in whose favor a decree had been entered, and the discontinuance as to them was therefore a nullity, inasmuch as they were not notified of the proceeding by which it was accomplished. It was determined in favor of the respondents Powell and Purdy that they should be paid the amount awarded,

and they had a judgment therefor against the estate, its income and profits. The power of the surrogate to decree the payment of such a demand may be questionable, because it was not a debt or demand against the testator, or against the executor or personal representative, and it is over such demands only that the surrogate possesses the limited powers given by statute. Debts created by act of the testator or intestate, or his executor or administrator. (Redfield on Surrogates, pp. 21, 306, and cases cited.) The demand of the respondents Powell and Purdy was not a debt created by either of these persons, but a charge made by order of the court, which was, in effect, an appropriation of the estate *pro tanto* to its payment. The order of the surrogate was proper doubtless, as matter of form, to reach the funds of the estate in the hands of the special administrator appointed by him, although this court could have ordered its payment directly out of the funds in the hands of the special administrator. At all events no harm has been done, predicated as it was of a decree of this court. The service ordered by this court, and to which it related, was necessary in the administration of justice, and one the expenses of which, like the appointment of a receiver or special administrator, should be paid out of the estate, because the result related to the whole and not to a portion of it, and was important. If the widow were, in other words, pregnant, and a child were born alive, it would increase the number of heirs and diminish the share of each. All were interested in the proceeding, therefore, and each should contribute to the expense. Assuming the respondents Powell and Purdy to be *quasi* officers of the court, and placing them upon the same plane with receivers, they should be paid out of the common fund, and such was the order in this case. Granting the position suggested, the discontinuance would not affect them, because the receiver could not be prejudiced by such a proceeding as to his allowances, whether the funds were in his hands or on deposit to the credit of the action.

For these reasons the order appealed from should be affirmed, but without costs.

The questions considered are novel, and diligent search has failed to reveal adjudications in which they have been considered or

passed upon. The counsel and the court have labored in vain, it would seem, on the subject.

Ordered as declared. Order to be settled by Brady, J.

Davis, P. J., concurred.

Daniels, J., concurred, except as to denial of costs to respondents.

Order affirmed, without costs.